**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARD GOMEZ,**<br><br>        **Plaintiff,**<br><br>   **v.**<br><br>**WORLD SAVINGS BANK FSB, et al.,**<br><br>        **Defendants.** | **1:10-cv-01463-OWW-DLB**<br><br>**MEMORANDUM DECISION REGARDING MOTION TO DISMISS (Doc. 16)** |

## I. INTRODUCTION.

Plaintiff Edward Gomez proceeds *pro se* with an action for damages and injunctive relief. Plaintiff filed a first amended complaint ("FAC") in California Superior Court, and certain Defendants removed the action to federal court on August 12, 2010. (Doc. 1). Defendants Wells Fargo Bank, Wachovia Mortgage, and Wells Fargo Home Mortgage filed a motion to dismiss Plaintiff's complaint on October 26, 2010. (Doc. 16). Defendants also filed a motion to strike portions of the complaint and a request for judicial notice. (Doc. 18). Plaintiff has not filed opposition to Defendants' motion.

## II. FACTUAL BACKGROUND.

On or about June 25, 2008, Plaintiff obtained a loan secured by a First Trust Deed of Trust for the purpose of purchasing a

1

1  residence ("subject loan"). (FAC at 4). "Defendants" serviced the
2  loan. (FAC at 4). The complaint alleges that "Defendants"
3  conspired to cause Plaintiff to enter into instruments that would
4  result in foreclosure of Plaintiff's residence. (FAC at 5).

5  According to the complaint, the terms and conditions of the
6  subject loan were not fully explained to him, and the subject loan
7  extended to Plaintiff exceeded the expected value of the property.
8  (FAC at 6). Plaintiff complains that he was not provided
9  sufficient time to read all the documents at the closing of the
10 loan transaction, and that he was not provided copies of the loan
11 documents, including documents regarding the cost of the credit
12 Plaintiff received. (FAC at 6).

13 Plaintiff was unable to make payments on the loan he received
14 and has been harassed by "Defendants" and unknown parties to vacate
15 his residence. (FAC at 7). Plaintiff alleges he has not been
16 afforded an opportunity to effect a good faith modification of his
17 loan. (FAC at 7).

### III. **LEGAL STANDARD**.

19 Dismissal under Rule 12(b)(6) is appropriate where the
20 complaint lacks sufficient facts to support a cognizable legal
21 theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
22 Cir.1990). To sufficiently state a claim to relief and survive a
23 12(b)(6) motion, the pleading "does not need detailed factual
24 allegations" but the "[f]actual allegations must be enough to raise
25 a right to relief above the speculative level." *Bell Atl. Corp. v.*
26 *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
27 Mere "labels and conclusions" or a "formulaic recitation of the
28 elements of a cause of action will not do." *Id*. Rather, there must

**2**

be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an

**3**

opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### IV. DISCUSSION.

The FAC is comprised primarily of general allegations and legal conclusions. For the most part, the FAC does not identify the conduct of any individual Defendant. Rather, the FAC makes conclusory allegations that purportedly apply to all Defendants, but fails to allege facts needed to provide the individual Defendants fair notice of the nature of Plaintiff's claims against them. Because the factual deficiencies of the FAC require dismissal pursuant to Rule 8, adjudication of Defendants' preemption and statute of limitations arguments is unnecessary with respect to most of Plaintiff's claims.

**A. First Claim for Relief: "Predatory Lending"**

Plaintiff's first claim for relief is for "predatory lending" predicated on alleged violations of California Financial Code § 4970, the federal Home Loan and Equity Protection Act ("HOEPA"), the federal Truth in Lending Act ("TILA"),15 U.S.C. §1637, and California Business and Professions Code § 17500. (FAC at 7). The FAC fails to state facts sufficient to properly allege any statutory violations.

The FAC fails to allege facts sufficient to establish that the subject loan is a "covered loan" under California Financial Code section 4970. Whether or not a loan is covered depends on the size

**4**

of the loan and "[t]he total points and fees payable by the consumer." Cal. Fin. Code § 4970(b). Because the FAC fails to make any averments as to the specific terms of the loan, it fails to describe these facts and does not state a claim for relief under section 4670.

The FAC alleges facts which establish that HOEPA is not applicable to the subject loan. HOEPA does not apply to residential mortgage transactions, 12 C.F.R. 226.32(a)(2)(i), and the FAC alleges that the subject loan was obtained for the purpose of purchasing Plaintiff's residence. (FAC at 4).

The FAC does not allege facts that establish that the subject loan was an "open end consumer credit plan" within the meaning of 15 U.S.C. §1637 and does not state such a claim.

Plaintiff's TILA claim is time-barred as pled in the FAC. A TILA violation occurs at the closing of the transaction, *Meyer v. Ameriquest Mort. Co.*, 342 F.3d 899, 902 (9th Cir. 2003), and a TILA claim for damages must be filed within one year of the occurrence of the violation, 15 U.S.C. §1640(e). The subject loan closed on or about June 25, 2008, and Plaintiff did not file the initial complaint in this action until 2010. (Doc. 1). TILA's recision provision, which entails a three-year statute of limitations, is not applicable to residential mortgage transactions. 15 U.S.C. §1635(e)(1).

Finally, Plaintiff's claim for violation of California's False Advertising statute, California Civil Code section 17500, fails to provide Defendants fair notice of the nature of the claim. Plaintiff's conclusory allegation that "Defendants fabricated facts and figures that would show the plaintiff had the ability to repay

the subject loan" is fatally vague without identifying the date, time, or speaker. To state a claim under section 17500, a Plaintiff must establish that "members of the public are likely to be deceived" by an entity's misleading statements. *E.g. In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (Cal. Ct. App. 2009). As the complaint is devoid of what misleading or deceptive statements were made to Plaintiff, Defendants do not have fair notice of the nature of the claim.

Plaintiff's "predatory lending" claim is DISMISSED, with prejudice.

**B. Second Claim for Relief: RESPA**

Plaintiff's second claim for relief alleges Defendants failed to respond to a qualified written request in violation of RESPA. With respect to Plaintiff's claim for violation of 12 U.S.C. 2605(e)(2), the complaint fails to alleges facts sufficient to establish that Plaintiff actually sent a qualified written request ("QWR") to any Defendant subject to RESPA's requirements. Further, the FAC does not allege the purpose of the QWR Plaintiff allegedly sent to "Defendants." Because the purpose of the QWR Plaintiff sent is material to ascertaining the nature of the alleged RESPA violation, *see, e.g., Patacsil v. Wilshire Credit Corp.*, 2010 U.S. Dist. LEXIS 10414 * 12 (E.D. Cal. 2010) (distinguishing between QWR related to loan origination from QWR related to servicing errors), the FAC's conclusory, vague allegations do not provide Defendants fair notice of Plaintiff's claim and do not comply with Rule 8. Similarly, Plaintiff's vague, conclusory allegation that "Defendants individually or collectively received kickbacks, unearned fees, or a thing of value as part of the real estate

**6**

settlement" does not meet Rule 8's notice requirement.

With respect to Plaintiff's claim under 12 U.S.C. 2605(a), the complaint fails to allege facts sufficient to establish that the subject loan entailed assignment, sale, or transfer rights such that the notice requirements of section 2605(a) applied to it. Plaintiff's RESPA claims are dismissed, with prejudice.

**C. Third Claim for Relief: Unfair Competition Law Claims**

Plaintiff's third claim for relief alleges violation of California Business and Professions Code 17200 and 17500, California's Unfair Competition Law ("UCL").

The FAC does not allege facts supporting Plaintiff's claims under California's UCL; instead, the complaint advances conclusory allegations stating that "Defendants" generally extend loans to "borrowers" without providing "sufficient, accurate, and understandable" information. (FAC at 10). Plaintiff alleges Defendants engaged in conduct that violates the "spirit" of various state and federal statutes, however, the FAC does not allege sufficient facts to support such allegations. Plaintiff's UCL claim is DISMISSED, with prejudice.

**D. Fourth Claim for Relief: Conspiracy to Commit Fraud, Conversion**

Plaintiff's fourth claim for relief alleges conspiracy to commit fraud and conversion. Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific

**7**

enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id*. (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The FAC's general allegations lack the particularity needed to satisfy Rule 9. The FAC contains merely general allegations such as "Defendants...knew that Plaintiff was not qualified to make payments under the loan terms" but does not provide any supporting facts. (FAC at 12). Plaintiff's conspiracy to commit fraud claim related to conversion of Plaintiff's property is DISMISSED, with prejudice.

**E. Fifth Claim for Relief: Conspiracy to Commit Fraud, MERS System**

Plaintiff's fifth claim for relief alleges a conspiracy to commit fraud related to the MERS system. Plaintiff alleges that Defendants conspired to create the MERS system in order to facilitate the securitization of mortgages and to remove real estate transactions from the public record. (FAC at 14-15). Plaintiff's fifth claim for relief also includes a random reference

**8**

to a failed attempt at Plaintiff's loan modification. (FAC at 17).

Plaintiff's fifth claim for relief fails to meet the particularity requirements of Rule 9 and is DISMISSED, with prejudice.

**F. Sixth Claim for Relief: Unjust Enrichment**

Plaintiff's sixth claim for relief alleges unjust enrichment based on allegedly unfair interest and fees associated with Plaintiff's loan. However, the FAC fails to allege which Defendants receive what monies and thus fails to provide fair notice of the nature of Plaintiff's unjust enrichment claim. Plaintiff's unjust enrichment claim is DISMISSED, with prejudice.

**G. Seventh Claim for Relief: Vacate and Set Aside Foreclosure**

Plaintiff's seventh claim for relief seeks to vacate and set aside the foreclosure sale. However, Plaintiff fails to allege a tender of indebtedness, which is a prerequisite to an action to set aside a foreclosure sale effected under a deed of trust in California. *E.g. Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117-18 (Cal. Ct. App. 1971). Further, the basis for Plaintiff's claim is alleged violation of California Civil Code section 2923.5, which does not provide the remedy Plaintiff seeks-the sole remedy provided by section 2923.5 is additional time to explore alternatives to foreclosure prior to its occurrence. *Mabry v. Sup. Ct. Orange County*, 185 Cal.App.4th, 208, 235 (2010) ("the only remedy provided [for a violation of §2923.5] is a postponement of the sale before it happens."). Plaintiff's claim is DISMISSED, with prejudice.

**H. Eighth Claim for Relief: Quiet Title**

Plaintiff's eighth claim for relief is for quiet title.

However, Plaintiff fails to allege a tender of indebtedness, which is a prerequisite to an action for quiet title in California. *E.g. Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Plaintiff's claim is DISMISSED, with prejudice.

**I. Ninth Cause of Action: Fraud**

Plaintiff's ninth cause of action alleges fraud in the inducement of the subject loan. Plaintiff's ninth claim for relief fails to meet the particularity requirements of Rule 9 and is DISMISSED, with prejudice.

**J. Tenth Cause of Action: Cal. Civ. Code. §§ 1916.7, 1920, 1921**

Plaintiff's tenth cause of action asserts that Defendants entered into an "illegal pooling agreement" in violation of California Civil Code sections 1916.7, 1920 and 1921. The FAC contains only a conclusory statement that Defendants have violated California Civil Code sections 1916.7, 1920 and 1921 and does not contain any supporting factual allegations. Rather, the facts pled under the tenth cause of action concern whether or not MERS had authority to act as a foreclosing beneficiary on the deed of trust. (FAC at 20-21). Although there are no facts alleged under the tenth cause of action establishing why MERS did not have standing, it appears Plaintiff's argument is premised on the discredited contention that a foreclosing entity must be in physical possession of the note at the time of foreclosure. (See FAC at 4-5). Because the allegations contained in the FAC do not provide fair notice of the nature of Plaintiff's tenth cause of action, it is DISMISSED, with prejudice.

///

**K. Eleventh Cause of Action: Inspection and Accounting**

Plaintiff's eleventh cause of action is for inspection and accounting. The FAC fails to plead the requisite elements of an action for accounting under California law. *See, e.g., Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Cal. Ct. App. 2009) ("cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting"). The FAC does not plead the nature of the purported relationship between Plaintiff and each Defendant, rather, the FAC simply makes the conclusory statement that "Defendants" owe him an accounting. Further, Plaintiff's claim for accounting appears to be based on the discredited contention that the only "true sums" Plaintiff owes are to "the true holder of the note." (FAC at 22). The FAC also references RESPA and Plaintiff's alleged submission of a QWR in his accounting claim, however, as discussed above, the FAC fails to plead sufficient facts to give Defendants fair notice of the facts underlying Plaintiff's purported QWR. Plaintiff's claim for accounting is DISMISSED, with prejudice.

**L. Twelfth Cause of Action: Injunctive and Declaratory Relief**

Plaintiff's twelfth cause of action is for injunctive and declaratory relief. As the FAC fails to properly plead any cause of action, Plaintiff's claim for injunctive and declaratory relief must be DISMISSED, with prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED

1) Plaintiff's FAC is DISMISSED in its entirety, with

prejudice;

2) Defendants' Motion to Strike (Doc. 17) is MOOT;

3) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:    December 10, 2010                /s/ Oliver W. Wanger**
                                      UNITED STATES DISTRICT JUDGE